PITTMAN, judge, *v.* HAGINS.

1. The superior courts of this State have general supervisory powers over all inferior tribunals. Code, §246. When, therefore, a person has been tried and convicted in the county court, and has petitioned the judge of the superior court for a writ of *certiorari*, and the petition is sanctioned and the writ issued, and the judge of the county court refuses to answer as required by the writ, the judge of the superior court, in term time, has power to attach the county court judge for contempt. Code, §§206, 4711; Rapalje, Contempts, §26; 3 Am. & Eng. Enc. L., tit. Contempt, 780; *Ex parte Carnochan*, T. U. P. Charlton Rep. 315; *State* v. *Noel*, *Id.* 62; Gorham *v.* Luckett, 6 B. Mon. (Ky.) 638, 645; People *v.* Judges of Westchester Co., 2 Johns. Cas. (N. Y.) 118; 1 Coxe (N. J.), 237; Mungeam *v.* Wheatley, 1 Eng. L. & Eq. Rep. 516; 15 Jur. 110.

2. Where the statute regulating *certiorari* from the county court in criminal cases authorizes the judge of the superior court to issue the writ of *certiorari* himself, and where he does issue it and recites therein that the petition for *certiorari* has been sanctioned, and the writ is served upon the county judge, the latter, when called upon by rule to show cause why he should not be attached for contempt in failing to answer the petition for *certiorari*, cannot set up, as a defence to the rule, that the writ has not been sanctioned. The recital of the judge is sufficient to show that it has been sanctioned. Code, §302.

3. Where the writ of *certiorari* in a criminal case has been directed to a county judge requiring him to make answer, and he refuses to do so, and a rule is issued against him, it is unnecessary that the petition for the rule shall disclose on its face that the county judge illegally or wrongfully convicted and sentenced the petitioner.

4. Under the facts disclosed by the record, there was no error in making the rule absolute.                       *Judgment affirmed.*

December 2, 1892.

Before Judge FALLIGANT.    Effingham superior court. May term, 1892.

Robert and Anderson Hagins and Robert Brower

brought their petition against Pittman, judge of the county court, asking that he be required to answer three several writs of *certiorari*, issued at their instance by the judge of the superior court. On this petition it was ordered that the county court judge, by a day named, file his answers to the three writs, or show cause why he should not be attached and punished as for contempt. Pittman demurred upon the grounds : (1) The petition shows that defendant is a judicial officer, judge of a court of record, and as such he cannot be attached as in contempt, for the exercise of his judicial discretion in the performance of his duties as judge. (2) It does not show that the petition for writ of *certiorari*, which he is ruled to show cause for not answering, has ever been sanctioned by the judge of any superior court. (3) It does not disclose on its face that defendant has illegally or wrongfully convicted and sentenced petitioner, nor that defendant as judge was without jurisdiction to hear, decide and sentence him. There was also a ground that the petitioners could not jointly proceed. This ground was sustained, and an amendment of the rule was allowed, striking the names of all the petitioners except Robert Hagins. It was then adjudged that respondent should answer *instanter*. He answered, offering in evidence in support of his answer the petition filed by Robert Hagins for *certiorari*, and the joint petition for *certiorari* filed by petitioners. Petitioner offered no evidence. The joint petition for *certiorari* was dismissed on motion of counsel for the petitioners. It was then ordered that the rule be made absolute, and that respondent answer the writ of *certiorari* sued out by Robert Hagins. To this order, to the refusal to sustain all the grounds of demurrer, and to the allowance of the amendment, exceptions were taken.

The petition for rule alleged : On February 13, 1892, the judge of the superior court of Effingham county

issued three several writs of *certiorari*, directed to the judge of the county court, requiring him to send up without delay a complete and accurate history of the several cases against petitioners, severally tried before him on January 25, 1892, upon three several accusations charging them severally with the offence of rescuing a prisoner. The three petitions upon which the writs were issued were duly served upon the county judge on the —— day of February, 1892. Petitioners are now confined at hard labor in pursuance of the sentence passed upon them by the county judge. No return or answer has been made by him to either of the writs of *certiorari*, though they have more than once, through their attorney, specially requested him to answer, that the question of the legality of their sentences might be determined and they be released. Unless some order be passed which shall require the county judge to obey the writs, they must continue indefinitely during his pleasure to suffer the hardships of illegal confinement and servitude.

The answer of the county judge stated : No petition for the writ of *certiorari*, duly sanctioned by any judge of a superior court, at the instance of Robert Hagins, has ever been served on him as set out in the petition. Three orders issued by Judge FALLIGANT were served on respondent, requiring him to answer as to his action, as the judge of the county court of Effingham, touching the trial and conviction of the three petitioners in that court ; but as no petition setting out the evidence in or trial of the cases against petitioners has ever been, in connection with such orders, sanctioned by Judge FALLIGANT or any other judge of a superior court, defendant could not make any answer legally to such petition for *certiorari*. A short time after said orders of Judge FALLIGANT were served on respondent, a petition, duly sanctioned by Judge FALLIGANT at the instance of

Robert and Anderson Hagins and Buddy Coleman, was filed in the office of the clerk of the superior court, and a writ of *certiorari* has duly been issued by the clerk, directed to defendant, requiring him to answer thereto at this term of the court, to which writ he will answer as by law required. It is not true that petitioners have been illegally and improperly convicted, but on the contrary were duly convicted after a fair and impartial trial. It is not true that respondent has refused to obey or disregarded any lawful orders to him directed, etc.

The petition of Robert Hagins for *certiorari*, offered in evidence by respondent, was as follows: On January 25, 1892, he was tried at a special session of the county court of Effingham, upon an accusation charging him with rescuing a prisoner. He had not been arrested nor notified until that morning. Without asking him any questions in reference to indictment or trial by jury, and without the waiver by him of anything, the judge ordered the trial to proceed before him without a jury and petitioner's approval or consent; and without allowing him an opportunity to obtain counsel, appointed one Hodges, who is not a lawyer and who is utterly unskilled in the law, to defend him. After the introduction of evidence immaterial to be set out here, the judge of the county court rendered judgment of guilty against petitioner and sentenced him to pay a fine of $100, or to hard labor for twelve months. The trial was not conducted in the face of the country. The usual place of holding the sessions of the county court is in the court-house in the room where the superior court holds its sessions, and where the accommodations for the public are ample, but on this occasion the judge convened his court in one of the smaller rooms of the court-house building where there was no adequate accommodation provided for spectators who might desire to attend the trial, and a number of persons, resident in the

county and desirous of attending the trial, were prevented from doing so and were excluded from the session of the court, the door to the room being closed and admittance refused them upon their express application for admission.   The judgment of the court finding petitioner guilty was erroneous and void upon the following grounds: The court and judge thereof were incompetent and without jurisdiction, because the judge was disqualified by interest, and the court as organized is an illegal and unconstitutional tribunal, in that as organized no provision is made for the compensation of the judge, except that he is to receive for his services in criminal cases such costs as may be assessed against defendants therein, in accordance with the provisions of chapter four, title five, part first of the code.   No salary has been recommended by the grand jury of the county since the organization of the court, and the judge is therefore directly interested in the issue of every criminal case tried by him, because section 281 of the code attempts to authorize him to receive and retain as his compensation the cost prescribed in such cases.   The court is an illegal and unconstitutional tribunal, for the further reason that the act of October 5, 1885, creating said court, is itself unconstitutional, because in conflict with the first paragraph of the fourth section of the first article of the constitution, there being at the time of the passage of the act a general law of force in the State, in which provision had been made for the establishment of county courts, embodied in section 279 of the code. At the time of appointing said county judge, first after the passage of the act, no grand jury of the county had by a majority so recommended.   The judge erred in convening the court in the room mentioned, and in closing or having closed or allowing to be closed the door of the room where the trial was had, during its progress, and in excluding or allowing to be excluded

citizens of the county who desired to be admitted. He also erred in denying petitioner an opportunity to obtain counsel and in appointing Hodges to represent petitioner, for such appointment was a practical denial to him of the benefit of counsel. He also erred in proceeding with the trial without a jury, without any waiver of petitioner's right to a jury, and without asking him if he demanded indictment. Attached to this petition was a writ of *certiorari* signed by the judge of the superior court February 13, 1892, and by the clerk of the superior court on February 15, 1892. It was directed to the judge of the county court and bore his acknowledgment of service, February 16, 1892. It recited that the application for *certiorari* had been duly sanctioned by the judge of the superior court.

J. G. & D. H. CLARK, for plaintiff in error.
A. C. WRIGHT, *contra*.